# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

M.F., BY NEXT FRIEND AND                        Case No. 1:11-cv-807
DAUGHTER JANE BRANSON,                          Weber, J.
      Plaintiff,                                Litkovitz, M.J.

      vs.

JAMES D. MALOTT, et al.,                        **REPORT AND**
      Defendants.                               **RECOMMENDATION**


      The complaint in this case was filed by Jane Branson (Branson) as "next friend" of M.F.,

Branson's mother, for whom a guardian has been appointed by the Highland County, Ohio

Common Pleas Court, Probate Division.  Named as defendants are James D. Malott, M.F.'s son

and legally appointed guardian; J.D. Wagoner, M.F.'s appointed guardian ad litem in the probate

court proceeding; the "Probate Division" of the Highland County Court of Common Pleas;

Highland County Probate Judge Kevin Greer; the State of Ohio; and Ohio Governor John Kasich.

Branson alleges that defendants violated M.F.'s rights under the Americans With Disabilities Act

(ADA), 42 U.S.C. § 12101 et seq., the Fair Housing Act, 42 U.S.C. § 3631, and the First, Fourth,

Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.  Branson

alleges the constitutional claims are brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and

under the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255.

      This matter is before the Court on Branson's motions to appoint a guardian ad litem

(Docs. 2, 5)[1], defendant Greer's motion to dismiss (Doc. 20), defendant Malott's motion to

---

[1]The initial motion to appoint a guardian ad litem was not signed by Branson (Doc. 2) and therefore
Branson subsequently submitted a signed version of the motion (Doc. 5).

dismiss (Doc. 22), defendant Wagoner's motion to dismiss (Doc. 23), defendants State of Ohio

and Governor Kasich's motion to dismiss (Doc. 25), Branson's motion for extension of time to

respond to defendant Greer's motion to dismiss (Doc. 27), and Branson's memorandum in

support of the motions for appointment of a guardian ad litem.  (Doc. 29).

## A.  Background

    This case has its genesis in the Highland County Probate Court.  The facts, as recounted

by the Fourth District Ohio Court of Appeals, are as follows[2]:

> {¶ 2} In 2007, Branson filed an application in the Highland County Common
> Pleas Court, Probate Division, to be appointed as the medical and residential
> guardian of Mollie Florkey.  Branson is one of Florkey's four children.  Branson
> alleged that Florkey suffered from dementia, Alzheimers, and a number of other
> physical conditions.

> {¶ 3} Counsel for Malott entered an appearance in the matter and requested a
> continuance of the hearing on the guardianship application.  In the motion, Malott
> gave notice to the court that he would contest the guardianship application, that he
> was Florkey's power of attorney, and that he was specifically designated by
> Florkey to be guardian should the need for a guardian become necessary.  Malott
> attached copies of: (1) a durable power of attorney executed by Florkey
> designating Malott as Florkey's attorney-in-fact for health care purposes; (2) a
> living will; and (3) a durable power of attorney for the conveyance of Florkey's
> real estate, which specifically provided: "This power of attorney shall not be
> affected by disability of the principal or lapse of time. IN THE EVENT THAT
> [IT] SHOULD BECOME NECESSARY FOR A GUARDIANSHIP OF MY
> PERSON AND OR MY ESTATE, I REQUEST THAT THE PROBATE COURT
> APPOINT MY ATTORNEY IN FACT, JAMES D. MALOTT, AS SUCH
> GUARDIAN WITHOUT BOND."  The real estate power of attorney was
> recorded in the county recorder's office.

> {¶ 4} Branson moved for the appointment of a guardian ad litem for Florkey.  The

---

[2]"Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)). *See also Lyons v. Stovall,* 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

court appointed an attorney for Florkey. Branson later retained counsel on her own behalf.

{¶ 5} Florkey's attorney later filed a report with the court indicating that Florkey "made it very clear that she did not want her son [Malott] to have guardianship * * *." Branson moved to add Malott as a party to the action.

{¶ 6} At the beginning of the hearing, Florkey's attorney informed the court that Florkey had changed her position with regard to guardianship. Florkey apparently did not want Branson to be named as her guardian. Instead, she wanted to maintain the "status quo," *i.e.,* she wanted no guardian appointed. Nevertheless, Florkey's attorney requested that the court respect her original wishes as set forth in her power of attorney, *i.e.,* Malott be named guardian of her person and estate.

{¶ 7} During the hearing, the parties specifically litigated the suitability of Malott to be guardian for Florkey. Following the hearing, the court granted Branson's motion to add Malott as a party to the action and then denied and dismissed Branson's application. The court further found that Malott was competent, suitable, and willing to accept the appointment as guardian, and as a result, R.C. 2111.121(B) required the appointment of Malott as Florkey's guardian.

*In re Guardianship of Florkey*, No. 07CA22, 2008 WL 4384044, at *1 -2 (Ohio App. 4 Dist. Sept. 22, 2008).

Branson filed a pro se appeal challenging the guardianship, the trial court's alleged failure to review and investigate the evidence, and the effectiveness of Florkey's counsel. The Ohio Court of Appeals upheld the appointment of Malott as Florkey's guardian, specifically noting the trial court's finding that Malott's testimony concerning Florkey's care at the nursing facility was more credible than Branson's lay opinion to the contrary. *Id.* at *3. The appellate court also overruled Branson's contentions that Florkey was denied the effective assistance of counsel and the right to participate in the probate proceedings, ruling that Branson's interests were "not clearly aligned with Florkey's interests" and Branson did not have standing to assert Florkey's claims. *Id.* at *4-5.

Branson then filed suit as "next-best-friend/daughter" of Mollie Florkey against Malott in

3

the Highland County Court of Common Pleas alleging:

> Malott acted under "the auspices of [a] fraudulent POA and fraudulent
> guardianship appointment[.]" Branson further claimed that Malott violated both
> Florkey's constitutional rights and Florkey's rights under the Americans With
> Disabilities Act. . . . Branson asked (1) that Malott's Power of Attorney be
> cancelled and (2) that Malott "be made to account honestly and fully for his acts,
> conducts [sic] and financial dealings under the POA document, and that an award
> of unspecified damages be awarded to [Florkey] and her estate for all wrongs and
> unauthorized acts, conducts [sic] and dealings which either benefited the
> defendant and worked a damage to [Florkey] and her estate."

*Florkey v. Malott*, No. 11CA9, 2011 WL 4638735, at *1 (Ohio App. 4 Dist. Sept. 30, 2011). The

trial court granted Malott's motion to dismiss and Branson appealed. The Ohio Court of Appeals

upheld the dismissal of Branson's complaint against Malott, finding that Branson was not the

real party in interest and, unlike Malott who was Florkey's guardian, did not have standing to

bring claims on Florkey's behalf. *Id.* at *3-4 (citing Ohio Civ. R. 17(c)). However, the appeals

court determined that the trial court lacked jurisdiction over Branson's guardian-removal claim

and instructed the trial court to transfer Branson's guardian-removal claim to the probate court,

which had exclusive jurisdiction over the claim. *Id.* at *4.

Less than two months later, Branson filed suit in this federal court purporting to bring this

action on M.F.'s behalf as her "next-friend." The complaint alleges the following facts: M.F. is

a 93-year old adult ward.[3] (Doc. 1, Compl. ¶¶ 4, 10). Branson initiated guardianship

proceedings in 2007 which resulted in the appointment of Malott, M.F.'s son and designated

power of attorney, as her guardian. (*Id.* at ¶¶ 5, 12, 16 n.3). Branson alleges that M.F. was "kept

from appearing personally, denied all access to and all opportunity to be heard in the November

---

[3]Ohio Rev. Code § 2111.01(B) defines "ward" as "any person for whom a guardian is acting or for whom the probate court is acting pursuant to section 2111.50 of the Revised Code."

4

14, 2007 guardianship proceedings, and to date, in the entirety of the guardianship matter as a whole." (*Id.* at ¶ 13). The complaint states that M.F. has been kept against her will in a nursing home not of her choosing, "isolated from freely associating with her friends and family members of her choosing," not consulted about the disposition of her substantial estate properties, and denied adequate medical care and treatment. (*Id.* at ¶¶ 14-17). The complaint further alleges that defendants "Probate Division" and Kevin Greer failed to command the appearance of M.F., obtain her testimony, or accept her written submissions during the guardianship proceedings. (*Id.* at ¶ 19). Finally, the complaint alleges that the "State of Ohio and its officers, agents and instrumentalities, including without limitation Defendants 'Probate Division' and Kevin Greer, have received an untold number of communications both written and verbal alleging, among other things, abuse, neglect and financial exploitation of the Plaintiff [and] . . . have failed and refused to undertake to protect Plaintiff with a proper authoritative investigation into the complaints, and protect Plaintiff as is their ministerial and constitutional duty." (*Id.* at ¶ 19).

## B. Resolution

As an initial matter, the Court notes that Branson lacks standing to pursue this action on her own behalf as the complaint alleges no claims or damages personal to Branson. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1992) ("Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. . . .") (citation omitted). In addition, Branson, who is not a lawyer and who is proceeding pro se, cannot legally represent her mother in this matter. *See Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002). Seemingly in recognition of this fact, Branson has

5

moved that a guardian ad litem be appointed to represent her mother in this matter. *See* Docs. 2,

5 and Doc. 29 at 2. Yet, the question the Court must first resolve is whether Branson had the

legal authority to file this suit on behalf of M.F. in the first instance.

Capacity to sue is governed by Fed. R. Civ. P. 17(b) and is to be determined by the law of

the state in which the federal court sits. *See Brimhall v. Simmons*, 338 F.2d 702, 704 (6th Cir.

1964). Where the plaintiff is a minor or incompetent person, Rule 17(c) controls the issue of

capacity to sue:

> (1) With a Representative. The following representatives may sue or defend on
> behalf of a minor or an incompetent person:
>
> (A) a general guardian;
>
> (B) a committee;
>
> (C) a conservator; or
>
> (D) a like fiduciary.
>
> (2) Without a Representative. A minor or an incompetent person *who does not
> have a duly appointed representative* may sue by a next friend or by a guardian ad
> litem. The court must appoint a guardian ad litem--or issue another appropriate
> order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c) (emphasis added).

The identity of an incompetent person's "guardian" turns on the law of the forum. *See*

Fed. R. Civ. P. 17(b)(3). In the instant case, Malott, M.F.'s son, has been adjudicated by the

Highland Probate Court as the legal guardian of M.F. Thus, Malott is the designated

representative who may bring suit on behalf of M.F. *See* Fed. R. Civ. P. 17(c)(1). Branson has

not been appointed as a guardian or legal representative of M.F. The provision permitting a next

friend to sue under Rule 17(c)(2) applies only where an incompetent person "does not have a

6

duly appointed representative." As M.F. has a duly appointed representative, *i.e.*, Malott, Branson may not bring this action on behalf of M.F. as next friend. *See Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281, 285-286 (1st Cir. 1982). *See also Sam M. v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010) (where an incompetent person is represented by a general guardian or a duly appointed representative, a next friend generally ought not be appointed); *Charette v. Martinez,* No. 09-576S, 2010 WL 4323006, at *1 -2  (D.R.I. Oct. 6, 2010) (same) (Report and Recommendation), *adopted*, 2010 WL 4455770 (D.R.I. Oct. 29, 2010). Accordingly, Branson has no standing to bring this action in the first instance on behalf of M.F. and the Court should dismiss the complaint on this basis.

Branson asserts that notwithstanding the above, the Court has the inherent authority to appoint a guardian ad litem in this case. There is some authority for allowing a court to appoint a guardian ad litem despite the presence of a duly appointed guardian where the interests of the appointed representative conflict with or are antagonistic to the incompetent person. *See, e.g., T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) ("Unless . . . the court finds the child's general representative to be inadequate, it should not allow the general representative to be bypassed by appointing a special representative to litigate on behalf of his ward."); *Hogan v. Fresno County Sheriff's Deputy Robinson*, No. CIV-F-03-6408, 2005 WL 2064113, at *7 (E.D. Cal. Aug. 24, 2005) ("Where a representative has interests that conflict with the incompetent person whom he represents or the representative is unable, unwilling or fails to participate without reason, then the District Court may appoint a guardian ad litem.") (and cases cited therein). However, courts are "obligated to abide by the State's determination of who shall represent the incompetent . . . [and the court's] power to appoint under Rule 17(c) should not be

7

used to circumvent the mandate in Rule 17(b) to observe state law." *Wolfe by Hedges v. Bias*, 601 F. Supp. 426, 427-28 (S.D. W.Va. 1984) (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1571 (1971)).  The decision to appoint a guardian ad litem[4] rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of discretion.  *Black v. Koch Transfer Co.*, No. 87-3841, 1988 WL 117155, at *2 (6th Cir. Nov. 4, 1988) (citing *Melton*, 689 F.2d 281).

Even if the Court were permitted to appoint a guardian ad litem in this matter, the Court should decline to exercise its discretion to make such an appointment because the claims asserted are nevertheless subject to dismissal.  In this case, the complaint implies that Malott's interests are adverse to M.F. as he has been named as a defendant for allegedly failing to adhere to his duties as a guardian under Ohio law.  Yet, this is precisely the issue that is being litigated in the Highland County Probate Court in the guardian-removal action, an action over which the probate court has exclusive jurisdiction.  *See Florkey v. Malott*, No. 11CA9, 2011 WL 4638735, at *4 (Ohio App. 4 Dist. Sept. 30, 2011) ("under R.C. 2101.24(A)(1)(e), 'the probate court has exclusive jurisdiction * * * [t]o appoint and remove guardians . . ., direct and control their conduct, and settle their accounts[.]'").  *Cf. Worrall v. Irwin*, 890 F. Supp. 696, 707 (S.D. Ohio 1994) ("Ohio probate courts have jurisdiction in the appointment and control of guardians.")

---

[4]As explained by the Sixth Circuit in *Noe v. True*, 507 F.2d 9 (6th Cir. 1974), "An appointed guardian ad litem does not replace a general guardian for all purposes, but is appointed as a representative of the court to act for the minor [or incompetent person] in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation.  As an officer of the court, the guardian ad litem has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action."  *Id.* at 12 (citations and internal quotations omitted).

Whether or not Malott is properly exercising his duties as M.F.'s guardian is not a determination for the federal court, but one for the probate court which has exclusive jurisdiction over that issue. *Id.*

To the extent Branson couches her dispute over the appointment of Malott as M.F.'s guardian as raising federal claims under the ADA, Fair Housing Act, and United States Constitution, it is apparent that Branson is attempting to circumvent the probate court process and her unsuccessful challenges in state court. Branson's attempt to overturn the probate court's judgment appointing Malott as M.F.'s guardian through this federal action is a de facto appeal from the state court judgment over which this federal court lacks jurisdiction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.,* 544 U.S. 280, 284 (2005). Where, as here, the source of the injury claimed in the federal suit is a state court judgment, the *Rooker-Feldman* doctrine prevents the district court from asserting jurisdiction. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). Branson challenges defendant Greer's "decision-making" throughout the guardianship proceeding (Doc. 1, ¶ 30), as well as the procedures that allegedly excluded M.F.'s participation from that proceeding (*Id.*, ¶¶ 24-26). As "[t]he *Rooker-Feldman* doctrine prohibits both direct attacks on the substance of the state court decision, and a challenge to the procedures used by the state court in arriving at its decision," *Strobel v. Dillon*, No. 11-11684, 2011 WL 5547105, at *7 (E.D. Mich. Nov. 14, 2011) (citing *Anderson v. Charter*

9

*Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001)), this Court is without jurisdiction to review Branson's claims.

In addition, to the extent Branson attempts to re-litigate claims already presented to and rejected by the state appellate court, these claims are barred by *res judicata*. In the 2007 guardianship proceeding, as in the instant federal proceeding, Branson raised claims and issues relating to M.F.'s treatment at the nursing home facility. Likewise, in her subsequent state court action against Malott, Branson claimed Malott violated Florkey's constitutional rights and rights under the ADA. The trial court's denial of those claims in both cases was upheld on appeal to the Fourth District Ohio Court of Appeals. Branson cannot relitigate those claims in the federal court as they have already been determined by the state court. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990). *See also Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (*res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit.").

In addition, Branson's claims against defendant Judge Greer and Guardian Ad Litem Wagoner are barred by absolute immunity. Judge Greer is afforded absolute immunity from civil liability for acts committed while functioning within his judicial capacity. *See Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). *See also Massey v. Stosberg*, 136 F. App'x 719, 720 (6th Cir. 2005). Likewise, defendant Guardian Ad Litem Wagoner is entitled to absolute immunity as a person integral to the judicial process. *See Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984).

Additionally, the "Probate Division" of the Highland County Court of Common Pleas should be dismissed because it is not a legal entity capable of being sued. *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976). *See also Burton v. Hamilton County Juvenile Court*, No. 1:04-CV-00368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006).

The claims against the State of Ohio and Ohio Governor Kasich[5] must also be dismissed because the State is immune from suit in federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The complaint against the State of Ohio and Governor Kasich should be dismissed as the State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment rights. *See State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58  (1989).

The complaint also fails to state a claim for relief for a violation of the Fair Housing Act (Doc. 1, ¶22) because 42 U.S.C. § 3631 is criminal in nature and there is no private right of action for a violation of this section. *See Blechinger v. Sioux Falls Housing and Redevelopment Com'n*, No. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012); *Jack v. Stubblefield*, No.

---

[5]The complaint lists Governor Kasich in the caption only.  Because there are no allegations directed toward Governor Kasich, the Court construes the complaint as naming the governor in his official capacity.  An action against a state official in his official capacity is the equivalent of an action against the state he represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).

5:09-cv-46, 2009 WL 1809931, at *2 (W.D. Va. June 22, 2009); *Batchelor v. Village of Evergreen Park*, No. 03-C-5337, 2004 WL 756193, at *1 (N.D. Ill. Feb. 25, 2004).

The complaint also fails to state a claim for relief under the ADA. To establish disability discrimination under Title II of the ADA, a plaintiff must show: (1) she has a disability; (2) she is otherwise qualified for the benefit in question; and (3) she was excluded from the benefit due to discrimination solely on the basis of her disability. *See Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Here, the complaint fails to allege that M.F. is an individual with a disability or that she was discriminated against solely on the basis of her disability. *See* 42 U.S.C. § 12112(a). In the absence of any allegations showing M.F. was discriminated against on the basis of a disability, the complaint fails to state a claim upon which relief may be granted under the ADA and the ADA claim should be dismissed.

The remainder of the complaint consists of conclusory recitals of the elements of various causes of action. The allegations amount to legal conclusions couched as factual allegations that fail to state a plausible claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The legal conclusions set forth in the complaint need not be accepted as true, *Id.*, and in the absence of some factual basis for the remaining claims, the complaint should be dismissed.

In view of the above, the undersigned concludes that appointment of a guardian ad litem in this proceeding would serve no useful purpose because it appears that no guardian ad litem could save the complaint from dismissal. The Court must "be mindful of its obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem." *Mandeville v. Wertheimer*, No. 01-CIV-4469, 2002 WL 432689, at *3 (S.D.N.Y. March 19, 2002) (citations omitted). Accordingly, the motions for the appointment of a guardian ad

litem should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motions to appoint a guardian ad litem (Docs. 2, 5) be DENIED.

2. Defendant Greer's motion to dismiss (Doc. 20), defendant Malott's motion to dismiss (Doc. 22), defendant Wagoner's motion to dismiss (Doc. 23), and defendants State of Ohio and Governor Kasich's motion to dismiss (Doc. 25) be GRANTED.

3. Branson's motion for extension of time to respond to defendant Greer's motion to dismiss (Doc. 27), which seeks an extension of time until the appointment of a guardian ad litem, be DENIED as moot.

4. This matter be dismissed on the docket of the Court.

Date: 5/30/12

Karen L. Litkovitz
United States Magistrate Judge

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

M.F., BY NEXT FRIEND AND                     Case No. 1:11-cv-807
DAUGHTER JANE BRANSON,                       Weber, J.
     Plaintiff,                             Litkovitz, M.J.

     vs.

JAMES D. MALOTT, et al.,
     Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X ☑ Agent ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

1. Article Addressed to:

Jane Branson, next-friend / daughter
on behalf of M.F.
275 Harry Sauner Road
Apt. B
Hillsboro, OH 45133

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
*(Transfer from service label)*    7003 2260 0002 6723 4811

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540