UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M.F., BY NEXT FRIEND AND
DAUGHTER JANE BRANSON,
Plaintiff,

Case No. 1:11-cv-807
Weber, J.
Litkovitz, M.J.

vs.

JAMES D. MALOTT, et al.,
Defendants.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on Jane Branson's motion for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 46).

On August 15, 2012, the Court adopted the Report and Recommendation of the Magistrate Judge finding that Ms. Branson lacks standing to pursue this action on her own behalf; that Ms. Branson has no standing to bring this action on behalf of M.F.; and that the appointment of a guardian *ad litem* in this proceeding would serve no useful purpose because it appears that no guardian *ad litem* could save the Complaint from dismissal. (Doc. 43). Ms. Branson now seeks relief from judgment under Rule 60(b)(3) and (5).

Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." The undersigned has carefully reviewed Ms. Branson's motion and concludes that relief from judgment is not warranted.

Ms. Branson is not entitled to relief from judgment under Rule 60(b)(3) because she fails to present clear and convincing evidence of fraud, misrepresentation, or misconduct by an adverse

party. *See Mayhew v. Gusto Records, Inc.*, 69 F. App'x 681, 682-683 (6th Cir. 2003) (citing *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir. 1983)). Nor is Ms. Branson entitled to relief under Rule 60(b)(6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989); see also *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Ms. Branson has not alleged any facts suggesting exceptional or extraordinary circumstances justifying relief from the Court's judgment. Ms. Branson's motion essentially reiterates the arguments made and previously rejected by the Court.

If Ms. Branson wishes to obtain review of the Court's decision and orders, she must pursue her appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is hereby **RECOMMENDED** that Ms. Branson's motion for relief from judgment be **DENIED**.

Date: 10/9/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

M.F., BY NEXT FRIEND AND
DAUGHTER JANE BRANSON,
    Plaintiff,

Case No. 1:11-cv-807
Weber, J.
Litkovitz, M.J.

vs.

JAMES D. MALOTT, et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>M. F.<br>275 Harry Sauner Road<br>Apt. B<br>Hillsboro, OH 45133 | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9357 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540